ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| **FERNANDO LUIS ROSA VILLEGAS**<br>PARTE DEMANDANTE<br><br>VS<br><br>**TANIA SOLANO ANDUJAR**<br>PARTE DEMANDADA | CIVIL NUM. **K DI2018-0755**<br>**SALA 706**<br><br>SOBRE: **RUPTURA IRREPARABLE** |

## Resolución y Orden

### Breve Tracto Procesal del Caso

El 13 de agosto de 2018 se dictó Orden a las partes a los efectos de que se informara el estado de los procedimientos, toda vez que el caso de autos era trasladado de la jurisdicción de Carolina.

El 3 de marzo de 2020 la Lcda. Maritza Ortiz Sánchez, presentó Moción asumiendo representación legal. En la misma se informa además que desde el 19 de septiembre de 2018 existía un stay order en la Corte de Quiebras y solicita que se señalara vista para que el señor Rosa Villegas se trajera $5,000 para el pago de la deuda.

El 9 de marzo del 2020 el Juez Rafael Jiménez citó para vista de desacato a las 9:00 de la mañana, pero por razón del coronavirus el 13 de mayo de 2020 se reseñaló para el 15 de julio de 2020.

El 1 de junio de 2020 la parte demandada presentó Moción Informativa, Resumen Procesal y Solicitud para aumento de pensión y seguro médico. Establece el tracto procesal del caso.

Número Identificador:
RES2021_____

El 16 de junio del 2020 el Tribunal dejó sin efecto la vista del 15 de julio y se reseñaló nuevamente para el 18 de agosto de forma presencial.

El 19 de agosto de 2020 el licenciado Crisson Cancel asumió la representación legal del demandado.

El 24 de agosto de 2020 se celebró vista ante el Juez Jimenez. En la vista celebrada se informa que se abrió un caso en ASUME bajo el número 0585015 con una pensión mensual de $246.35 quincenales. La parte demandada, señora Solano Andújar alega que la deuda es de $12,333.79. El señor Rosa Villegas indicó estar sometido a la protección de quiebras por la cantidad de $6,745.06. La misma fue radicada el 27 de julio de 2020.

La señora Solano Andújar reclamó deuda del 1 de agosto de 2017 y se le indicó que se recibió pago por ASUME por $6,075.85. Reclamó $672.44 para el pago de agosto por partidas suplementarias del 2017. El juez señaló el caso para vista el 30 de octubre de 2020 a las 9:30 am. No obstante, se ordenó a la licenciada Ortiz que presentara un desglose de los gastos reclamados, en o antes de 5 días y que se le remitieran al licenciado Crisson Cancel. El licenciado Crisson Cancel solicitó que se presentara evidencia de los gastos y se le concedió término para que se expresara con relación a los mismos. Se ordenó también que se tenía que presentar evidencia de la fecha de quiebras y un desglose de los pagos realizados por el caballero.

El 26 de agosto de 2020 el señor Rosa Villegas por conducto de su abogado presentó Réplica a Moción en cumplimiento de orden, La misma en síntesis alega que la Moción presentada por la parte

demandante, aunque desglosa gastos de los menores, no somete evidencia alguna que acredite dichos gastos.

Objetó por su parte el seguro de automóvil con fecha del 25 de julio de 2020, el cual alega que no fue notificado y objetó el mismo, así como los gastos de ortodoncia e internet por no haber sido informados y los objetó.

El 27 de agosto de 2020 se radicó por la señora Solano Andújar, Réplica y Solicitud de Honorarios de abogado. En la misma informó que los recibos que se solicitaron están en proceso adicional de depurarlos para que no se desprenda información personal de la señora Solano Andújar, ante la situación de violencia doméstica que se indicó ser víctima. Solicitó además honorarios de abogado por la vista del 18 de agosto y referido a la EPA para aumento.

El 8 de septiembre de 2020, la señora Solano Andújar presentó Moción Enmendada y en cumplimiento de orden #2. Informa que el 7 de agosto de 2017 se fijó la cantidad de $246.35 efectiva el 1 de julio de 2017 y el 57% de los gastos de los menores. Indicó que el 17 de mayo de 2018 se le concedieron facultades tutelares a la señora Solano Andújar sobre salud y educación, por lo que las decisiones las puede tomar ella en cuanto a estos temas por lo que no tiene que consultar con el padre. Indicó que va a someter los recibos tan pronto se complete el proceso de tachar información privada.

El 13 de septiembre de 2020 se radicó por la representación legal de la señora Solano Andújar, Moción solicitando la Inhibición o en la alternativa su renuncia. El 4 de noviembre de 2020 el caso es referido a nuestra sala para nuestra atención por la Juez Coordinadora de Relaciones de Familia.

El 10 de noviembre, esta juez revisó el expediente y ordenó a la señora Solano Andújar a informar si proveyó al señor Rosa Villegas los recibos solicitado en cuanto a los gastos escolares reclamados. Tampoco surgía la información de quiebras solicitadas en la vista ni el desglose de los pagos realizados. Se les concedió 20 días a ambos para presentar lo requerido.

El 27 de octubre de 2020 presentada y traída a mi atención el 1 de diciembre de 2020, el señor Rosa Villegas sometió evidencia de la quiebra del 2018, la cual fue desestimada y se indicó que no hubo ningún desembolso a ASUME dentro de ese caso. Se sometió evidencia del caso de quiebra bajo el #20-02911-13 y el *proof of claims* por la cantidad de $6,991.41 según el balance del mes de septiembre de 2020.

El Tribunal dictó Orden el 1 de diciembre de 2020, la cual determina el cumplimiento parcial de la orden dictada en tanto y cuanto no se informa en la moción si los recibos de los gastos escolares le fueron entregados y su posición en cuanto a estos. Se le concedió 20 días que, al día de hoy están vencidos.

Por otra parte, tampoco recibimos información de parte de la señora Solano Andújar que informe haber cumplido con entregar los recibos requeridos a la otra parte.

La orden dictada el 15 de enero de 2020 iba dirigida a que, una vez entregado por la señora Solano Andújar los recibos al señor Rosa Villegas este presentaría su posición, cosa que no hizo. Por lo que si la parte, como informa envió los recibos y la parte demandante no ha objetado, el Tribunal da como bueno los gastos de los menores informados en la Moción presentada titulada Moción

Enmendada y en cumplimiento de orden #2. Por lo que la parte demandante debe el 57% de esos gastos a la parte demandada.

Dicho esto, es importante destacar que, si bien es cierto que se alega incumplimiento por parte del señor Rosa Villegas en cuanto al pago de pensión y gastos, la quiebra presentada hace que este Tribunal, hasta tanto no se levante esa protección, no pueda realizar gestiones de cobro y mucho menos encontrarlo incurso en desacato y ordenar su arresto. El hacerlo estaríamos en violación a la Ley de Quiebras. Por tanto, no procede en este momento vista de desacato que señalar.

Por otra parte, el demandante no ha presentado evidencia de los pagos realizados antes de que se abriera el caso en ASUME, por lo que cualquier deuda existente ANTES del caso en ASUME de no tener evidencia de esos pagos, la deuda que certifica la parte demandada es la que estaría pendiente de ser pagada.

No obstante, el Tribunal refiere a la Examinadora de Pensiones Alimentarias para la revisión de la pensión, puesto que no presupone una gestión de cobro sino un trámite para el establecimiento de su obligación. El cobro de esta es otro asunto.

En cuanto a la quiebra, para la parte mantener la protección de la Corte de Quiebras, el demandante tiene que continuar con los pagos regulares de la pensión alimentaria, así como el plan que esta establecido por estos. De no hacerlo, corresponde a la parte demandada informar el incumplimiento de esta para la acción correspondiente en ese foro.

En cuanto a los honorarios de abogado correspondientes a la vista del 18 de agosto de 2020, se imponen la cantidad de $500.00

dólares por la misma. Se conceden 30 días para el pago a la licenciada Ortiz Sánchez.

Por todo lo anterior, el Tribunal declara no ha lugar, en este momento la celebración de una vista de desacato, pero refiere el caso a la Examinadora de Pensiones Alimentarias para la revisión de la pensión fijada. Se mantiene la orden en cuanto a que la pensión alimentaria siga siendo pagada por ASUME.

Los gastos escolares y/o extraordinarios (recibos) deben presentarlos a la parte demandante no mas tarde de 30 días de realizados según fuera establecido.

**NOTIFÍQUESE.**

En San Juan, Puerto Rico, a 9 de febrero de 2021.

**VIVIAM S. ACOSTA RUIZ**
**JUEZ SUPERIOR**